[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an underinsured motorist action. The primary insurance policy has been exhausted and the plaintiff Robert Arpino has made claim under an excess insurance policy issued by the defendant Allstate to the plaintiff's mother, Grace Taylor. The defendant's Sixth Special Defense claims the plaintiff was not a resident of his mother's household at the time of the auto accident in question and therefore, under policy terms, is not entitled to recover underinsured motorist benefits pursuant to that policy. The plaintiff has denied this special defense and by stipulation the parties requested and were granted a courtside evidentiary hearing to determine whether the plaintiff was in fact a resident relative of his mother's household and covered under the policy issued by the defendant. Part V of the policy defines insured persons to mean "any resident relative." The mother-son relationship between Robert Arpino and Grace Taylor is not in dispute. However, in subparagraph three a resident relative is defined to mean "the physical presence" in the policy holders "household", "with the intention to continue living there."
Each party stipulates that if the court determines that the plaintiff is not a resident relative, and therefore not a covered person under the policy issued by the defendant, a jury trial will not be necessary. However, each also agrees in the event that the plaintiff qualifies for coverage under the excess policy as a resident relative and is therefore a covered person, such a finding will eliminate the issue of residency and will simplify the pending liability issues for the jury, if the case proceeds to a jury trial.
The court finds as follows:
The plaintiff Robert Arpino lived for many years at 108 Union Avenue, West Haven, Connecticut, a three-family home. Mr. Arpino occupied the premises with his mother, Grace Taylor, and for a time his former stepfather. A second floor was occupied by his CT Page 6408 sister and her then husband. The third floor of this premises, known as 110 Union Avenue was occupied by another member of the extended family, an aunt. The aunt moved from the third floor.
The plaintiff purchased the three family premises from his mother in December of 1991. Almost one year later, on December 2, 1992, he was involved in an auto accident which is the subject of this case. Right after the December 1991 house purchase and long before the accident, he commenced repairs throughout the premises and engaged electricians, sheetrockers and other tradesmen to make improvements to the hallways and all three floors of the house. Ultimately, these repairs were completed. It would be a fair assessment to state that a large number of these repairs were required in the third floor apartment. Although he had debated whether to rent the third floor to a tenant, not until some time after December 25, 1992, did Mr. Arpino decide to occupy the third floor premises himself. Sometime after that Christmas, he moved his belongings to the third floor from the first floor, occupied by his mother, Grace Taylor. He had considered taking occupancy of the renovated third floor earlier but had made no decision to do so until after Christmas.
The Court finds by a preponderance of the evidence then that he was a resident member of his mother's household at 108 Union Avenue, West Haven, Connecticut at the time of his auto accident on December 2, 1992 and that he intended to continue being there, as evidenced by his presence in the household and his testimony that his decision to move to the third floor came later in December. Significantly, before any knowledge that he might have an underinsured motorist claim, when Mr. Arpino was treated for injuries resulting from the accident which gave rise to this underinsured motorist claim, he listed 108 Union Avenue as his address. The Court makes this finding of residency under the stipulation of the parties that this particular factual issue will be determined by the court. The Court does not make other factual findings since the parties are agreed that all remaining factual issues in the case will be determined by the jury.
FLYNN, J.